# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| KENNETH CUNNINGHAM,<br><br>    Plaintiff,<br><br>vs.<br><br>PRAIRIE FARMS DAIRY, INC. and<br>EAST SIDE JERSEY DAIRY, INC.,<br><br>    Defendants. | No. C19-1022-LTS<br><br>**ORDER ON DEFENDANTS'<br>JOINT MOTION TO DISMISS<br>COUNTS I and II** |

_____

## I.  INTRODUCTION

This case is before me on defendants' joint motion (Doc. No. 8) to dismiss Counts I and II of the state court petition. Plaintiff Kenneth Cunningham has filed a resistance (Doc. No. 10) and defendants have filed a reply (Doc. No. 15). The motion is fully submitted and ready for decision.

## II.  PROCEDURAL HISTORY

Cunningham filed his petition in the Iowa District Court for Dubuque County on July 10, 2019, asserting two claims (Counts I and II) under the Iowa Civil Rights Act (ICRA) and one claim (Count III) under the Americans with Disabilities Act (ADA). *See* Doc. No. 3.[1] The defendants were served with notice of the action "on or after August 15, 2016." Doc. No. 1 at 1. On August 30, 2019, defendants removed the case to this court, invoking the court's federal question jurisdiction, based on the ADA claim, along with supplemental jurisdiction over the ICRA claims. *Id.* at 2. Defendants then filed their pending motion to dismiss Counts I and II (the ICRA claims).

---

[1] As will be discussed below, the date on which Cunningham filed his petition is a point of contention in this motion.

### III.  APPLICABLE STANDARDS

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A motion to dismiss under Rule 12(b)(6) is appropriate to dismiss a claim as time-barred. *See Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018). In determining whether a claim is time-barred, "[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

2

## IV. ANALYSIS

Defendants argue that Cunningham's claims under the ICRA should be dismissed because he failed to file his state court petition within 90 days after the Iowa Civil Rights Commission (ICRC) issued his administrative release. Doc. No. 8 at 1. They claim that the ICRC issued the administrative release on April 3, 2019, but Cunningham did not file his petition until 98 days later on July 10, 2019, as noted by the state court's electronic document management system. Doc. No. 21 at 1–2.

Cunningham responds by arguing that the correct filing date for his petition is July 2, 2019, which was the last day of the 90-day period. Doc. No. 10 at 1. He explains that he attempted to file the petition on July 2, but the state court clerks were unable to process the petition. *Id.* at 1–2. He claims that the court did not notify him about this filing error until July 8, 2019, after the 90-day period had passed. *Id.* at 2. He argues that under Iowa's rules for electronic filing, his July 10 petition relates back to July 2 due to the filing error. *Id.*

Defendants counter Cunningham's resistance on two points. First, they point out that Cunningham filed his resistance seven days after the deadline required by Local Rule 7. Doc. No. 15 at 1. Accordingly, they contend that their motion to dismiss should be deemed unresisted. *Id.* at 2. Second, distinguishing this case from *Jacobs v. Iowa Department of Transportation*, 887 N.W.2d 590 (Iowa 2016), defendants argue that Cunningham's filing on July 10, 2019, does not relate back to July 2, 2019, thus requiring dismissal of the ICRA claims. *Id.* at 3–4. I will address these arguments separately.

### A. The Untimely Resistance

Defendants are correct that Cunningham filed his resistance to the motion to dismiss seven days beyond the applicable, 14-day deadline. N.D. Ia. L.R. 7(e) ("Each party resisting a motion must, within 14 days after the motion is served, file a resistance . . ."). They cite *Rayhons v. Brunes*, No. 16-CV-3084-LRR, 2016 WL 4975205, at *2 (N.D. Iowa Sept. 16, 2016), in arguing that I should not consider Cunningham's

3

resistance due to the untimely filing.  However, under the unique circumstances present here, I find defendants' position to be ill-advised (to put it charitably).  The relevant chronology is as follows:

Sept. 6, 2019: Defendants file their motion (Doc. No. 8) to dismiss but, in violation of Local Rule 7(d), do not file a supporting brief.

Sept. 27, 2019: Cunningham files his resistance (Doc. No. 10) to the motion to dismiss seven days too late but without the benefit of the defendants' still-missing supporting brief.

Sept. 30, 2019: Defendants file a motion (Doc. No. 12) for leave to file an untimely supporting brief, 24 days after they filed their motion to dismiss.  Among other things, they contend that they "will be prejudiced if they are not allowed leave to file the Brief in Support of Defendants' Joint Motion to Dismiss."  Doc. No. 12 at 1.[2]

Oct. 4, 2019: Defendants file a timely reply (Doc. No. 15) to Cunningham's resistance to the motion to dismiss.  At this point, they are clearly aware of their own violation of the court's local rules.  Yet for some reason that I cannot fathom, this does not stop them from arguing that Cunningham's resistance should be stricken as untimely.

Oct. 16, 2019: After waiting to see if Cunningham would file a resistance to defendants' motion for leave to file an untimely brief (he did not), I granted the motion and gave Cunningham the option of filing a responsive brief within 14 days.  He did not file a responsive brief.

Under this scenario, if I were to take the hardline stance the defendants advocate, I would be compelled to deny their own motion to dismiss due to their failure to file a supporting brief with the motion, as required by this court's rules.  Likewise, I would have been compelled to deny their request, 24 days later, to file an untimely supporting brief due to their failure to comply with Local Rule 7(k).  Because both parties have contributed mightily to turning a simple motion to dismiss into procedural anarchy, I will exercise

---

[2] Adding to the irony, defendants violated Local Rule 7(k) by failing to state, in the motion for leave to file an untimely brief, that they had conferred with opposing counsel to determine whether the motion would be opposed.

4

my discretion to excuse the fact that the resistance was filed seven days too late. As such, I decline defendants' invitation to strike the resistance.

### B. *Relation Back*

Defendants argue that *Jacobs* provides the proper analysis for this issue. I agree. In that case, the Iowa Supreme Court held that an electronic filing that is resubmitted after being rejected due to clerical errors "can relate back to the original filing date" in some circumstances. *Jacobs*, 887 N.W.2d at 599. The court adopted a three-part test to determine when filings relate back: (1) the party submitted the document to the electronic document management system before the deadline and the document "was otherwise proper except for minor errors in the electronic cover sheet," (2) the proposed filing was returned after the relevant deadline because of the minor errors and (3) "the party promptly resubmitted the filing after correcting the errors." *Id*.

Cunningham clearly meets the first part of the test, as he attempted to file his petition on July 2, 2019, which was within (albeit the last day of) the 90-day deadline. After that, however, the situation is not so clear. Cunningham's Exhibits 3 and 4 (Doc. Nos. 11-3 and 11-4) are subject to differing interpretations, neither of which is conclusive in the context of a Rule 12(b)(6) motion. Exhibit 3 appears to contain two separate email messages, one with a header showing a "sent" date and time of Monday, July 8, 2019, at 1:53 p.m., and one that includes a date of July 2, 2019, at 1:26 p.m. Doc. No. 11-3. The July 8 message is directed to Jane Nigg, whose identity is unclear from the record but may be an employee of Cunningham's counsel. *Id*. The July 2 message is directed to Zeke R. McCartney, who is Cunningham's counsel of record in this case. *Id*. At first glance, the July 8 message seems to be a forwarded or re-sent version of the July 2 message but, again, that is not clear from the record.

The substance of the message, whether sent on July 2 or July 8 (or both) is very clear. The message states that the attempted filing was being returned "for clarification or correction in accordance with rule 16.308(2)(d)." *Id*. The message further explains

5

that "not all parties were added to the case as listed on your petition" and states that "[t]he check you've provided will be mailed back to you today." *Id.* There is no doubt that the message provided notice that attempted filing had been rejected. The issue that remains unclear at this point is when the rejection message was sent and received.

Mr. McCartney has not provided an affidavit on this issue. However he represents in an unsworn filing that July 8, 2019, at 1:53 p.m. is the date and time of the rejection notice, while July 2, 2019, at 1:26 p.m. is the date and time of the attempted filing. Doc. No. 11 at 2, ¶ 6. This is corroborated, at least to some extent, by the fact that the notice states that the filing fee check "will be mailed back to you today" and the cover letter (Exhibit 4) that accompanied the returned check was dated July 8, 2019. Doc. No. 11-4.

By contrast, it is also possible to interpret Cunningham's Exhibit 3 as showing that Mr. McCartney was electronically notified of the rejection on July 2, 2019, at 1:26 p.m., and that the notification was either forwarded or re-sent to Jane Nigg on July 8, 2019, at 1:53 p.m. Doc. No. 11-3. Based on the current record, I cannot determine which interpretation is correct.

The difference between July 2 and July 8 is material to the *Jacobs* analysis. If Cunningham, through his counsel, learned of the petition's rejection early on the afternoon of July 2, then the deadline had not yet expired and sufficient time remained to fix the error. Cunningham acknowledges this. Doc. No. 10 at 2, ¶ 5. In this scenario, Cunningham would fail the *Jacobs* test and his July 10 petition would not relate back to July 2.

By contrast, if the notice of rejection was not issued until July 8, then the deadline had expired and Cunningham, by re-filing the petition on July 10, "promptly resubmitted the filing after correcting the errors." *Jacobs*, 887 N.W.2d at 599. In this scenario, the *Jacobs* analysis would tip in Cunningham's favor and his July 10 petition would relate back to July 2.

6

Because I cannot resolve this factual issue on the current record, the motion to dismiss Counts I and II must be denied. Defendants are free to submit this issue again on a motion for summary judgment after the factual record has been more-fully developed.

## V. CONCLUSION

For the foregoing reasons, defendants' joint motion to dismiss (Doc. No. 8) plaintiffs' claims under the Iowa Civil Rights Act (Counts I and II) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 27th day of November, 2019.

_____
Leonard T. Strand, Chief Judge